Jonathan M. Lebe (State Bar No. 284605)
Jon@lebelaw.com
Brielle D. Edborg (State Bar No. 347579)
Brielle@lebelaw.com
Nicole Bloomfield (SBN 356757)
Nicole@lebelaw.com
**Lebe Law, APLC**
3900 W Alameda Avenue, Fifteenth Floor
Burbank, CA 91505
Telephone: (213) 444-1973

Attorneys for Plaintiff Matthew Jaime,
Individually and on behalf of all others similarly situated

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Matthew Jaime, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Palo Alto Networks, Inc.,<br><br>Defendant. | **Case No:**<br><br>**COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Matthew Jaime, individually and on behalf of all others similarly situated, alleges as follows:

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1. Plaintiff Matthew Jaime ("Plaintiff") is an individual who worked for Palo Alto Networks, Inc. ("Defendant"). He brings this action on behalf of himself individually and a putative collective of all other similarly situated commissioned employees working nationwide classified by Defendant as exempt from overtime.

2. Defendant is a Delaware corporation and a cybersecurity company that develops products focused on enterprise network security and provides employment to employees in California and nationwide.

3. Through this action, Plaintiff alleges that Defendant has engaged in a systematic pattern of wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq*. ("FLSA").

4. Plaintiff brings this action based on Defendant's failure to maintain a policy that compensates its employees for all overtime wages. On information and belief, there are many similarly situated current and former commissioned employees misclassified as exempt by Defendant who have not been paid for all hours worked over forty (40) in a workweek, in violation of the FLSA.

5. Plaintiff brings this lawsuit seeking monetary relief against Defendant on behalf of himself and all others similarly situated to recover, among other things, unpaid overtime, liquidated damages, interest, attorneys' fees, costs, and penalties pursuant to the FLSA.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this complaint alleges claims under the laws of the United States, specifically the FLSA.

///

///

7. The United States District Court for the Northern District of California has personal jurisdiction over Defendant because many of the acts complained of and giving rise to the claims alleged took place in California and in this District.

**THE PARTIES**

8. Plaintiff was a citizen of California when he worked for Defendant. Plaintiff worked for Defendant from approximately February of 2018 to May of 2024. Details regarding Plaintiff's precise hours, pay, and revenue generated for Defendant are available by reference to Defendant's records.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant at all times hereinafter mentioned, was and is an employer as defined in and subject to the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

10. Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated employees classified as exempt from overtime who have worked for Defendant as commissioned employees in California in the past three (3) years who elect to opt into this action (the "FLSA Collective").

11. Defendant is liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and other commissioned employees ("FLSA Members"). On information and belief, there are many similarly situated current and former commissioned employees who have not been paid for all hours worked over forty (40) in a workweek in violation of the FLSA who would benefit from the issuance of a court-supervised notice regarding the present lawsuit and the opportunity to join it. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records, such that notice should be sent to them pursuant to 29 U.S.C. § 216(b).

///

///

///

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**(Violation of 29 U.S.C. §§ 207 and 211; Violation of 29 C.F.R. § 516.2(b))**

12. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

13. At all relevant times, Defendant has been an employer and Plaintiff and its employees have been employees under federal law entitled to the protections of the FLSA.

14. The FLSA requires employers to keep accurate records of hours worked and wages paid, among other information, and to provide these records to their employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(b). Defendant's practices and policies were violations of these requirements.

15. Although Plaintiff and putative FLSA Members worked more than forty (40) hours in a week, Defendant had a policy and practice of failing and refusing to pay employees overtime and thus violated and continues to violate the above-referenced overtime provisions of the FLSA.

16. For example, Plaintiff worked at least 45 hours a week every week from February of 2018 to May of 2024, and often more. Additionally, Plaintiff had to remain on-call during meal breaks and work through meal periods in order to be responsive to e-mails and calls, and had to work from home and on weekends to be responsive to e-mails and calls, and had to attend business events outside of normal working hours, all of which resulted in overtime hours for which Plaintiff was not compensated.

17. Plaintiff and FLSA Members were improperly classified as exempt from overtime by Defendant, as they do not qualify for any of the overtime exemptions under the law. Indeed, Plaintiff and other FLSA Members operated as non-exempt employees in every facet of their employment with Defendant, yet continued to be compensated as though they were exempt.

18. The primary duty of putative FLSA Members is to sell Defendant's products and services to customers. Defendant's commissioned employees spend the vast majority of their time engaging potential customers directly via telephone, e-mail, and online sales demonstrations, as well as participating in trainings, managing active accounts, tracking phone calls and appointments, and developing strategies to cultivate new sales while maintaining existing customer relationships.

19. Commissioned employees are uniformly compensated in accordance with Defendant's commissions policies and "Sales Plan (Annual)." However, Defendant has failed to produce the "Sales Plan (Annual)" for Plaintiff, despite Plaintiff's lawful request under the Labor Code §§ 226 and 1198.5 for his personnel file, employment records, and any compensation agreements and policies.

20. Moreover, Defendant does not have a policy that limits the number of hours commissioned employees may work, nor has it expressly requested that commissioned employees not work overtime. To the contrary, Plaintiff and other commissioned employees are encouraged to work overtime. As a result, Plaintiff and other commissioned employees regularly worked more than forty hours per week, but never received any overtime compensation.

21. Consequently, Plaintiff and FLSA Members seek the amount of the respective unpaid wages owed to them, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §§ 201 *et seq*., and such other legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment against Defendant as follows:

1. For certification of this action as a collective action, including certifying the FLSA Collective alleged by Plaintiff;

2. For appointment of Matthew Jaime as the FLSA Collective representative;

3. For appointment of Lebe Law, APLC as class counsel for all purposes;

4. For compensatory damages in an amount according to proof with interest thereon;

5. For economic and/or special damages in an amount according to proof with interest thereon;

6. For all unpaid overtime, interest, attorneys' fees, costs and and penalties pursuant to the FLSA;

7. For liquidated damages pursuant to the FLSA;

8. For reasonable attorneys' fees, costs of suit and interest to the extent permitted by law, including pursuant to the FLSA;

9. For pre-judgment interest; and

10. For other relief as the Court deems just and proper.

Dated: February 9, 2026

**LEBE LAW, APLC**

By: *_/s/ Jonathan M. Lebe_*
Jonathan M. Lebe
Brielle D. Edborg
Nicole Bloomfield
Attorneys for Plaintiff Matthew Jaime, individually and on behalf of all others similarly situated

///
///
///
///
///
///
///
///

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: February 9, 2026

**LEBE LAW, APLC**

By: */s/ Jonathan M. Lebe*

Jonathan M. Lebe
Brielle D. Edborg
Nicole Bloomfield
Attorneys for Plaintiff Matthew Jaime, individually and on behalf of all others similarly situated